**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | | |
|---|---|---|
| EFREN ELISEO CARDONA RAMIREZ, an individual, | ) ) ) | |
| | ) | Case No. 1:18-cv-5654 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PHLOI-PENCE ENTERPRISES, LLC, an Illinois limited liability company d/b/a ALWAYS THAI, ANTHONY MICHAEL PENCE, an individual, PENNAPA PHLOI PENCE, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The Plaintiff, Efren Eliseo Cardona Ramirez ("Plaintiff" or "Cardona"), by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, Phloi-Pence Enterprises, LLC, d/b/a Always Thai, Anthony Michael Pence and Pennapa Phloi Pence (each a "Defendant", and collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff his overtime compensation. Plaintiff is a former cook and dishwasher at Defendants' restaurant business.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law

and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff, Efren Cardona, is a former employee of the Defendants. Plaintiff worked as a cook and dishwasher at Defendants' Always Thai restaurant from approximately mid-2014 through August 10, 2018.

5.      During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce.

6.      Plaintiff resides in and is domiciled in this judicial district.

7.      Defendant, Phloi-Pence Enterprises, LLC, ("Always Thai") is an Illinois limited liability company that operates the Always Thai restaurant business located at 1825 W. Irving Park Road in Chicago, Illinois and is engaged in selling and serving food and beverages for consumption on and off its premises.

8.      The manager, registered agent, and principal office of Defendant Always Thai are located within this judicial district.

9.      Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2015-2018.

10.      Upon information and belief, Defendant, Anthony Michael Pence ("Pence"), is an owner of Defendant Always Thai and the Always Thai restaurant business.

11.      Upon information and belief, Defendant, Pennapa Phloi Pence ("Phloi") is an owner of Defendant Always Thai and the Always Thai restaurant business.

12.     At all times relevant to this action, Defendants Pence and Phloi each possessed oversight over Defendants' employees and business practices, and each further served as the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Defendants Pence and Phloi also possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of wage payment, and maintained employment records.

13.     Upon information and belief, Defendants Pence and Phloi reside in and are domiciled within this district.

**COMMON ALLEGATIONS**

14.     For the three years prior to the filing of this suit up to August 10, 2018, Plaintiff Cardona regularly worked five (5) days per week, Monday through Friday, from 11:00 a.m. to 10:00 p.m. Plaintiff typically did not work on Saturday or Sunday.

15.     Based on this schedule, Plaintiff was scheduled to work and did regularly work approximately fifty-five (55) hours in individual workweeks during the applicable time period.

16.     Defendants paid Plaintiff on an hourly basis with rates that ranged from $9.00 per hour in 2015 to $11.00 per hour during 2017 and 2018.

17.     Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

18.     Defendants never paid Plaintiff an overtime premium when he worked more than forty (40) hours in a workweek.

19.     In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff in unreported cash, except for the three most recent pay periods when Defendants paid Plaintiff with non-payroll company checks.

20.     Defendants paid Plaintiff's overtime compensable hours at his straight-time rate of pay.

21.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

22.     Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

23.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

24.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

25.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

26.     Defendant, Always Thai, is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

27.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over 40 in a workweek.

28.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff

overtime wages was willful and not in good faith. Defendants concealed their failure to pay Plaintiff overtime compensation by paying Plaintiff for all of his work hours, including his overtime compensable hours, in unreported "cash under the table", or with non-payroll company checks, at his straight-time hourly rates of pay. On information and belief, Defendants' cash and non-payroll company check payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Efren Eliseo Cardona Ramirez , prays for a judgment against Defendants, Phloi-Pence Enterprises, LLC, d/b/a Always Thai, Anthony Michael Pence and Pennapa Phloi Pence, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

31. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

32. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

33. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

34.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

35.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Efren Eliseo Cardona Ramirez, prays for a judgment against Defendants, Phloi-Pence Enterprises, LLC, d/b/a Always Thai, Anthony Michael Pence and Pennapa Phloi Pence, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## <u>COUNT III</u>
## <u>Violation of the Chicago Minimum Wage Ordinance – Overtime Wages</u>

36.     Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

37.     Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

38.     Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

39.     Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiff, Efren Eliseo Cardona Ramirez, prays for a judgment against Defendants, Phloi-Pence Enterprises, LLC, d/b/a Always Thai, Anthony Michael Pence and Pennapa Phloi Pence, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.


Dated: August 20, 2018                          Respectfully submitted,
                                                Efren Eliseo Cardona Ramirez,
                                                Plaintiff



                                                /s/ Timothy M. Nolan
                                                _____
                                                One of the attorneys for the Plaintiff


Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com